FILED

NOT FOR PUBLICATION

MAY 22 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWAYNE EICHLER, | No. 12-15882 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-01108-GEB-JFM |
| v. | |
| SHERBIN, CDC Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Dwayne Eichler appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to safety, state law claims, and violations of the Emergency Medical

Treatment and Active Labor Act ("EMTALA").  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Eichler's deliberate indifference claim because the officers were entitled to qualified immunity, as their conduct did not violate a right that was clearly established at the time of the alleged violation. *See Bull v. City & County of San Francisco*, 595 F.3d 964, 971, 1002-03 (9th Cir. 2010) (en banc) (a government official is entitled to qualified immunity unless the facts, taken in the light most favorable to the party asserting the injury, show that the official violated a right and the right was "clearly established" at the time of the alleged violation; the key inquiry for determining the latter is whether a reasonable person could have believed his actions lawful at the time they were undertaken).

The district court properly granted summary judgment on Eichler's negligence claim because Eichler failed to raise a genuine dispute of material fact as to whether the officers were the proximate cause of any injury. *See Mendoza v. City of Los Angeles.*, 78 Cal. Rptr. 2d 525, 528, 530 (Ct. App. 1998) (setting out elements of negligence claim under California law and explaining that proximate cause "limits the defendant's liability to those foreseeable consequences that the defendant's negligence was a substantial factor in producing").

The district court properly granted summary judgment on Eichler's EMTALA claim because Eichler failed to raise a genuine dispute of material fact as to whether defendants failed to provide him with appropriate medical screening or stabilizing treatment. *See Brooker v. Desert Hosp. Corp.*, 947 F.2d 412, 415 (9th Cir. 1991) (discussing requirements for EMTALA claim).

The district court properly granted summary judgment on Eichler's medical malpractice claim against defendant Mercy Hospital of Folsom because Eichler failed to raise a genuine dispute of material fact as to whether this defendant failed to meet the standard of care. *See Gami v. Mullikin Med. Ctr.*, 22 Cal. Rptr. 2d 819, 823 (Ct. App. 1993) (setting out elements of medical malpractice claim under California law).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Eichler's medical malpractice claim against defendant Nugent. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (reviewing for an abuse of discretion).

The district court did not abuse its discretion in denying Eichler's motion to

compel responses to interrogatories by non-parties. *See Preminger v. Peake*, 552

F.3d 757, 768 n.10 (9th Cir. 2008) (reviewing for an abuse of discretion); *Dart*

*Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (limitations

on discovery "may be broader when a nonparty is the target of discovery").

**AFFIRMED.**